**Lisl I. KAST, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRA-TION, by its APPEALS COUNCIL OF the OFFICE OF DISABILITY, ADJU-DICATION, AND REVIEW, Defen-dant–Appellee.\***

No. 12–1012.

United States Court of Appeals, Second Circuit.

Feb. 28, 2013.

\* The Clerk of the Court is directed to amend the official caption to conform to the above.

Lisl I. Kast, Massapequa, NY, pro se.

Varuni Nelson, Kathleen A. Mahoney, Robert W. Schumacher, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Central Islip, NY, for Defendant–Appellee.

PRESENT: DENNY CHIN, CHRISTOPHER F. DRONEY, Circuit Judges, JANE A. RESTANI, Judge.\*\*

### SUMMARY ORDER

Plaintiff-appellant Lisl I. Kast, proceeding *pro se*, appeals from a judgment entered by the district court on February 8, 2012, granting the motion of the Social Security Administration (the "SSA") for judgment on the pleadings in Kast's action seeking judicial review of a final decision of the SSA. Kast asserts that the SSA erred in calculating the amount of retirement insurance benefits to which she is entitled under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's award of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir.2003). When reviewing determinations made by the SSA, we conduct a "plenary review of the administra-

\*\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

tive record." *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir.2008) (citation and internal quotation marks omitted). We may set aside the SSA's decision only if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See id.* at 127–28. A determination is supported by substantial evidence if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 127 (citation and internal quotation marks omitted).

Here, the SSA applied the correct legal standards, and its determination was supported by substantial evidence in the record. Kast's assertion that she and her husband should receive the same monthly retirement insurance benefits because they had "similar lifetime earnings and similar dates of birth," Plaintiff's Br. at 4, is without merit. Because Kast and her husband attained age 62 in different years—in 1992 and 1990, respectively—their retirement insurance benefits are calculated using different indexing years and different benefit formulas. *See* 20 C.F.R. § 404.210 (primary insurance amount calculated under average-indexed-monthly-earnings method); 20 C.F.R. § 404.211(a), (d) (average indexed monthly earnings calculated using "indexing year," which is the second year before claimant reaches age 62); 20 C.F.R. § 404.212 (primary insurance amount calculated applying benefit formula in effect for the year claimant reaches age 62). These and other differences resulted in different monthly benefits under Title II of the Act and the relevant regulations.

We have considered Kast's remaining arguments and conclude that they lack merit. Accordingly, we **AFFIRM** the judgment of the district court.